UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| NIKKI FEHRENBACHER, ) | |
| ) | |
| Plaintiff, ) | Case: 3:26-cv-00110 |
| ) | |
| v. ) | |
| ) | |
| SWAN-STOPPING WOMAN ABUSE ) | |
| NOW, INC., ) | Jury Trial Demanded |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Nikki Fehrenbacher ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against SWAN-Stopping Woman Abuse Now, Inc. ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et seq. as amended, ("ADA") seeking redress for Defendant's failure to accommodate Plaintiff's disability, Defendant's disability-based discrimination, Defendant's disability-based harassment, and Defendant's retaliation against Plaintiff for engaging in a protected activity under the ADA.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 as the ADA, 42 U.S.C. §12101 *et seq.* is a federal statute.

3. Venue of this action properly lies in the Southern District of Illinois, Benton Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

**ADMINISTRATIVE PREREQUISITES**

4.  All conditions precedent to jurisdiction under the ADA of 1990, 42 U.S.C. §12101, *et seq*. have been satisfied.

5.  Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights (attached hereto as Exhibit "A").

6.  Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

7.  This Complaint has been filed within ninety (90) days of Plaintiff's receipt of the EEOC's Dismissal and Notice of Right to Sue.

**THE PARTIES**

8.  Plaintiff, Nikki Fehrenbacher, is a natural person, over 18-years-of-age, who at all times relevant to the allegations in this Complaint resided in Richland County, Illinois.

9.  Defendant, SWAN-Stopping Woman Abuse Now, Inc., whose address is 1114 S West Street, Olney, IL 62450-1321, is a corporation that at all times material to the allegations in this Complaint was doing business in and for Richland County, Illinois.

10. Plaintiff was employed by Defendant as an "employee" within the meaning of the ADA, 42 U.S.C. §12111(4).

11. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. §12111(5)(A).

**BACKGROUND FACTS**

12. Plaintiff worked for Defendant as a client advocate from on or about May 5, 2025, until Plaintiff's unlawful termination on or about July 9, 2025.

2

13. As a client advocate, Plaintiff's essential job duties included the following:

- Carrying out individual and group services with adults and children as directed by case workers and shelter supervisors;
- Completing intakes and documentation in client files; and
- Completing various cleaning and housekeeping tasks at the shelter.

14. Plaintiff has a physical impairment, life-threatening allergies to shellfish and nuts, that results in allergic reactions, including anaphylaxis, from exposure to these allergens.

15. Plaintiff's disability substantially limits major life activities, including but not limited to, eating and normal respiratory function.

16. Regardless of Plaintiff's disability, she was able to perform the essential functions of her job with or without reasonable accommodations.

17. By virtue of the foregoing, Plaintiff is a "qualified individual" under the ADA.

18. Upon hire, Plaintiff informed Defendant's management, supervisors, and coworkers that she has severe, life-threatening allergies to shellfish and nuts.

19. Defendant was therefore had knowledge of Plaintiff's disability from the outset of her employment.

20. On or about June 16, 2025, Plaintiff submitted a formal letter from her allergist documenting the severity of her allergies and requesting reasonable accommodations to ensure a safe working environment, thereby engaging in protected activity.

21. Defendant posted signs in the shelter kitchen stating, "No Nuts in the Shelter."

22. However, Defendant failed to enforce this policy.

23. Peanut butter and other nut-containing foods remained stocked in the kitchen, were served to clients, and were consumed by staff.

24. Plaintiff was expected to wash dishes that had been exposed to nut-containing foods, despite the serious health risks this posed.

25. On or about July 5, 2025, Plaintiff unknowingly bit into a brownie provided by Defendant that contained nuts.

26. Although Plaintiff immediately spit out the food without swallowing, she experienced a severe physical allergic reaction, including redness and loss of voice.

27. This flare-up was caused by Defendant's failure to accommodate Plaintiff's disability after an agreed-upon accommodation request was granted.

28. At the time, Plaintiff was working alone and would have been required to self-administer her EpiPen and call emergency services if the reaction had worsened.

29. Plaintiff promptly reported this disability flare-up to shelter supervisor Billie Riggs and Executive Director Linda Warner, thereby engaging in protected activity.

30. Despite this report, Defendant made no changes to improve safety, prevent future exposure, or otherwise accommodate Plaintiff's disability.

31. After Plaintiff raised concerns regarding the July 5 incident that led to a severe disability flare-up, Plaintiff began experiencing hostility from coworkers.

32. One coworker, Brenda Williams, made demeaning comments about Plaintiff, stating that Plaintiff did not deserve a bonus she had received and accusing her of having "weaseled" her way into the job.

33. On or about July 9, 2025, Brenda Williams entered Plaintiff's office and began yelling at Plaintiff regarding a task Plaintiff had completed pursuant to her supervisor's instructions.

34. When Plaintiff calmly stated that Brenda was not her supervisor, Brenda closed the door and stated, "You're nothing. You're nothing to me. I'm so sick of your shit."

35. Plaintiff's supervisor, Billie Riggs, was present during this interaction, thereby putting Defendant on constructive notice of the discriminatory conduct against Plaintiff.

36. Billie failed to intervene or take corrective action, thereby allowing the discriminatory hostile environment to perpetuate against Plaintiff.

37. Additionally, Plaintiff reported that another coworker, Cat (LNU), was disregarding Plaintiff's allergies and placing her in danger, thereby engaging in protected activity.

38. Defendant failed to respond to or address Plaintiff's disability-related complaint.

39. That same day, given Defendant's ongoing failure to accommodate her disability, which created dangerous working conditions and a hostile work environment, Plaintiff was forced to face a constructive discharge out of fear for her health and safety.

40. Plaintiff made clear that her forced resignation was compelled by concerns for her own safety and well-being resulting from Defendant's conduct.

41. Defendant made no effort to retain Plaintiff, did not engage in any interactive process regarding accommodations, and did not investigate Plaintiff's complaints.

42. Ultimately, on or about July 9, 2025, Plaintiff was constructively discharged on the basis of her disability and for engaging in a protected activity as described above.

43. The purported justification for termination was unlawful discrimination on the basis of disability or because Defendant perceived Plaintiff as disabled.

44. Plaintiff can show that she engaged in statutorily protected activity—a necessary component of her retaliation claim—because Plaintiff reported disability-based discrimination and harassment directly to Defendant and requested accommodations.

## COUNT I
### Violation of the Americans with Disabilities Act
### (Disability-Based Discrimination)

45. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

46. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

47. Plaintiff met or exceeded performance expectations.

48. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

49. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

50. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

51. Plaintiff is a member of a protected class under the ADA due to Plaintiff's disability.

52. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

53. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of the Americans with Disabilities Act
### (Failure to Accommodate)

54. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

55. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*.

56. Plaintiff is a qualified individual with a disability.

57. Defendant was aware of the disability and the need for accommodations.

58. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

59. Plaintiff's reasonable accommodations that was requested was not an undue burden on Defendant.

60. Defendant did not accommodate Plaintiff's disability.

61. Plaintiff is a member of a protected class under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*., due to Plaintiff's disability.

62. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

63. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

<u>**COUNT III**</u>
**Violation of the Americans with Disabilities Act**
**(Disability-Based Harassment)**

64. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

65. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed Plaintiff on the basis of Plaintiff's disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*.

66. Defendant knew or should have known of the harassment.

67. The disability-based harassment was severe or pervasive.

68. The disability-based harassment was offensive subjectively and objectively.

69. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*., due to Plaintiff's disability.

70. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

71. As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

### COUNT IV
### Violation of the Americans with Disabilities Act
### (Retaliation)

72. Plaintiff repeats and re-alleges all preceding paragraphs as though fully set forth herein.

73. Plaintiff is a member of a protected class under 42 U.S.C. §12101, *et seq.*

74. During Plaintiff's employment with Defendant, Plaintiff reported disability-based discrimination and harassment directly to Defendant and requested accommodations.

75. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

76. In response to Plaintiff's complaint and request for accommodations, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of disability-based harassment or discrimination and failed to accommodate Plaintiff's disability.

77. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory or harassing conduct complained of by Plaintiff.

78. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff's report of disability-based discrimination and harassment and request for accommodations, thereby violating the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

79. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

80. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

81. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

a. Back pay;

b. Payment of interest on all back pay recoverable;

c. Front pay;

d. Loss of benefits;

e. Compensatory and punitive damages;

f. Reasonable attorneys' fees and costs;

g. Pre-judgment interest if applicable; and

h. Any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury. Dated this 30th day of January 2026.

*/s/ Yasmeen Elagha, Esq.*
Yasmeen Elagha, Esq.
Mohammed O. Badwan, Esq.
Atlas Law Center, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Phone (630) 575 - 8181
Fax (630) 575 - 8188
yelagha@atlaslawcenter.com
mbadwan@atlaslawcenter.com
*Attorneys for Plaintiff*